IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


DELLA JUNGE,

        Plaintiff,

v.                                      Civil Action No. 5:10CV114
                                                          (STAMP)
WHEELING ISLAND GAMING, INC.,

        Defendant.


                    **MEMORANDUM OPINION AND ORDER**
                 **GRANTING DEFENDANT'S MOTION TO DISMISS**

                            I.  Background

     The plaintiff commenced the above-styled civil action in the United States District Court for the Western District of Pennsylvania on August 5, 2010.  In her complaint, the plaintiff alleges that on August 5, 2008, as she was walking from the handicapped parking area of the Wheeling Island Hotel-Casino-Racetrack,[1] the wheels of her walker became lodged in a gap in the sidewalk, causing her to fall.  The plaintiff alleges that the defendant was negligent in failing to inspect and maintain the sidewalk.  As a result of her fall, the plaintiff claims to have sustained serious bodily injuries, loss of income, embarrassment, humiliation, and emotional distress.

     On August 30, 2010, the defendant filed an answer to the plaintiff's complaint, as well as a motion to dismiss for lack of personal jurisdiction and subject matter jurisdiction.  By order entered on November 2, 2010, the Honorable William L. Standish of the United States District Court for the Western District of

---

        [1]Located at 1 South Stone Street, Wheeling, West Virginia 26003.

Pennsylvania ruled that his court could not exercise either specific or general jurisdiction over the defendant. However, rather than dismissing the action, Judge Standish ordered that it be transferred to this Court. This Court deemed the plaintiff to be pro se[2] by order entered on December 14, 2010, after Brian Bleasdale, her former attorney, failed to be admitted to this Court or appear pro hac vice in this action.[3]

After a failed attempt to contact the plaintiff regarding an evidentiary hearing to be held before United States Magistrate Judge James E. Seibert on the defendant's motion to compel written discovery, counsel for the defendant searched the internet for additional information regarding the plaintiff and discovered an obituary stating that the plaintiff died on December 31, 2010.

On January 26, 2011, the defendant filed a suggestion of death of plaintiff and served it upon the plaintiff by mailing a copy to her last known address. Defense counsel also served the suggestion of death of plaintiff on the plaintiff's former attorney, Brian Bleasdale, as well as the plaintiff's four surviving children, as determined from her obituary. On February 3, 2011, counsel for the defendant received a call from William Swanger, one of the four surviving children of the plaintiff, who confirmed that he had received the defendant's suggestion of death of plaintiff. Defense counsel explained to him that the document set in motion a 90-day

---

[2] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[3] This order also directed the Clerk's Office to remove Brian Bleasdale's name from the docket.

time period for someone to be substituted for the plaintiff, and if no one was substituted, her action would be dismissed. Subsequently, counsel for the defendant received return receipts from or on behalf of three of the four surviving children: (1) William Swanger; (2) Billie Unik; and (3) Carmen Kaminski.[4] These return receipts indicated that Mr. Swanger, Mr. Unik, and Ms. Kaminski, or someone on their behalf, had received the letters sent to them suggesting the death of the plaintiff.

After the 90-day period ended, the defendant filed a motion to dismiss. In support of this motion, the defendant argues that because no motion for substitution has been served by the decedent plaintiff's successors or representatives, the plaintiff's action must be dismissed pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.

On May 31, 2011, this Court issued an order advising the plaintiff, her successor or representative, and her surviving children of the right to respond to the motion to dismiss and to take whatever action necessary to substitute a proper party for the deceased plaintiff. This Court informed the parties that failure to so respond by July 1, 2011 might result in the entry of an order of dismissal. Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). To date, no one on behalf of the plaintiff, now deceased, has filed a response to the defendant's motion to dismiss, nor has a proper party been substituted for the plaintiff.

---

[4]Two letters to Darlene Tomson, sent to different mailing addresses, were returned to defense counsel as not deliverable.

## II. Applicable Law

Rule 25 of the Federal Rules of Civil procedure states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

## III. Discussion

In this case, more than 90 days have passed since the defendant served its suggestion of death of plaintiff on the plaintiff, her former attorney, and her four surviving children. Despite the fact that three of the children, or someone on their behalf, received the suggestion of death of plaintiff, as confirmed by the return receipts, no motion for substitution has been filed. Further, this Court's July 1, 2011 deadline for any response to the defendant's motion to dismiss has passed. For these reasons, the plaintiff's action must be dismissed pursuant to Rule 25(a)(1). See Patrick v. Sharon Steel Corp., 549 F. Supp. 1259, 1268 (N.D. W. Va. 1982) (holding that because no motion for substitution had been received by the court, Rule 25(a)(1) required that the action be dismissed).

## IV. Conclusion

For the reasons stated above, the defendant's motion to dismiss is GRANTED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED

The Clerk is DIRECTED to transmit a copy of this order to counsel of record herein and to the following parties by regular mail and by certified mail:

Ms. Della A. Junge
1115 Fairmont Avenue
Natrona Heights, PA 15065

Ms. Billie R. Unik
108 Bucknell Street
Springdale, PA 15144

Ms. Carmen Kaminski
136 Clarks Pike
Creighton, PA 15030

Brian J. Bleasdale, Esq.
931 Chislett Street
Pittsburgh, PA 15206

Ms. Darlene Tomson
142 TSM Boulevard
Natrona Heights, PA 15065

Mr. William Swanger
514 Fifth Avenue
New Kensington, PA 15068

Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 11, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE